UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DENNIS BOGARD, ) | CASE NO. : 1:12CV2509 |
| ) | |
| Plaintiff, ) | JUDGE DAVID D. DOWD, JR. |
| ) | Magistrate Judge George J. Limbert |
| v. ) | |
| ) | |
| NATIONAL CREDIT CONSULTANTS, ) | **REPORT AND RECOMMENDATION** |
| L.L.C., ) | **OF MAGISTRATE JUDGE** |
| ) | |
| Defendant. ) | |

Before the undersigned is Plaintiff Dennis Bogard's ("Plaintiff") motion for default judgment and amended motion for default judgment against Defendant National Credit Consultants, L.L.C. ("Defendant"). ECF Dkt. #s 7, 8. For the following reasons, the undersigned recommends that the Court GRANT Plaintiff's amended motion for default judgment (ECF Dkt. #8) and enter judgment in favor of Plaintiff against Defendant in the amount of $4,443.50, which represents a sum certain of $971.00 in actual damages, $1,000.00 in Fair Debt Collection Practices Act ("FDCPA") statutory damages, $200.00 in Ohio Consumer Sales Practices Act ("OCSPA") damages, attorney fees in the amount of $1,922.50, and court costs in the amount of $350.00. ECF Dkt. #8-1 at 47.

**I.    FACTUAL AND PROCEDURAL HISTORY**

On October 6, 2012, Plaintiff filed a complaint in this Court alleging that Defendant violated the FDCPA (15 U.S.C. § 1692, et seq.), the OCSPA (Ohio Revised Code § 1345.01, et. seq.), and committed common law fraud and conversion under Ohio law. ECF Dkt. #1. Plaintiff alleges that he authorized Defendant to deduct a one-time only payment from his checking account via his debit card in order to help an individual from whom Defendant was attempting to collect a debt. *Id.* at 2. Plaintiff avers that the one-time payment was deducted from his checking account on or about October 1, 2011 in the amount of $253.00. *Id.* Plaintiff alleges that Defendant's agent agreed with and represented to Plaintiff that this was the only deduction that Defendant would take from

Plaintiff's bank account. *Id*. at 2-3. Plaintiff further alleges that Defendant made additional deductions from his checking account on or about October 11, 2011 and October 17, 2011, which totaled at least $971.00. *Id*. at 3. Plaintiff avers that these deductions were made without any attempt to contact him and without obtaining his agreement to allow said deductions. *Id*. Plaintiff submits that Defendant's actions violated the FDCPA, the OCSPA and constituted common law fraud and conversion. *Id*. at 3-6.

Plaintiff served Defendant with copies of the Complaint and Summons on October 15, 2012. ECF Dkt. #3. Pursuant to Rule 12(a)(1)(A) of the Federal Rules of Civil Procedure, Defendant was required to file and serve its Answer or responsive pleading no later than November 5, 2012. To date, Defendant has failed to appear, answer, or otherwise defend against the claims asserted by Plaintiff.

Accordingly, on December 4, 2012, Plaintiff filed an application to the Clerk of Courts for entry of default. ECF Dkt. #4. The Clerk of Courts entered default on the same date and mailed a copy of the default entry to Defendant. ECF Dkt. #5.

On February 11, 2013, Plaintiff filed a motion with this Court for default judgment and on March 15, 2013, Plaintiff filed an amended motion for default judgment with a brief in support, an accompanying affidavit, and an attorney time entry sheet. ECF Dkt. #s 7, 8.

## II.  STANDARD OF REVIEW

Applications for default judgment are governed by Rule 55(b)(2) of the Federal Rules of Civil Procedure. Fed.R.Civ.P. 55(b)(2). Following the clerk's entry of default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure and the party's application for default under Rule 55(b), "the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven." *Morisaki v. Davenport, Allen & Malone, Inc.*, No. 2:09–cv–0298, 2010 WL 3341566, at *1 (E.D.Cal. Aug.23, 2010) (citing *Dundee Cement Co. v. Howard Pipe & Concrete Products*, 722 F.2d 1319, 1323 (7th Cir.1983) (further citations omitted)). The plaintiff bears the burden of establishing damages. *HICA Educational Loan Corp. v. Jones*, No. 4:12CV962, 2012 WL 3579690, at *1 (N.D. Ohio Aug. 16, 2012), unpublished, citing *Flynn v. People's Choice Home Loans, Inc.*, 440 Fed. Appx. 452, 457 (6th Cir. 2011), citing *Antoine*

-2-

*v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995). In other words, while liability may be shown by well-pleaded allegations, "[t]he district court must ... conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Osbeck v. Golfside Auto Sales, Inc.*, No. 07–14004, 2010 WL 2572713, at *5 (E.D.Mich. Jun.23, 2010). To ascertain an uncertain sum of damages, Rule 55(b)(2) "allows but does not require the district court to conduct an evidentiary hearing." *Vesligaj v. Peterson*, 331 Fed. Appx. 351, 354–55 (6th Cir.2009). An evidentiary hearing is not required if the Court can determine the amount of damages by computation from the record before it. *HICA*, 2012 WL 3579690, at *1.

### III. ANALYSIS

The undersigned has reviewed the file in this case, including the complaint, Plaintiff's motion and brief in support of the motion for default judgment, and an affidavit from his legal counsel and the attorney time sheets. ECF Dkt. #s 8, 8-1, 8-2, 8-3. Accepting the factual allegations in Plaintiff's complaint as true, the undersigned recommends that the Court find that Defendant has violated the FDCPA, the OCSPA and has committed common law fraud and conversion.

#### A. PLAINTIFF'S CAUSES OF ACTION

Plaintiff first alleges that Defendant violated 15 U.S.C. § 1692e(10) which provides in relevant part that a debt collector "may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt," and includes "[t]he use of any representation or deceptive means to collect or attempt to collect any debt." 15 U.S.C. § 1692e(10). Plaintiff also alleges that Defendant violated 15 U.S.C. § 1692f, which provides in relevant part that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Plaintiff alleges that he is a "consumer" as defined in section 1692a(3) of the FDCPA, Defendant acted as a "debt collector" under section 1692a(6) of the FDCPA, and the alleged debt at issue is a "debt" as defined under section 1692a(5) of the FDCPA at all relevant times. ECF Dkt. #1. Plaintiff avers in his complaint that he authorized Defendant to deduct one payment from his checking account on behalf of a friend who owed the debt and Defendant represented that only one deduction would be made. *Id*. at 2-3. Plaintiff further alleges that despite that representation of only one deduction, Defendant nevertheless made additional deductions from

-3-

Plaintiff's checking account without his authorization or an attempt to contact him. *Id.* at 3.

The undersigned recommends that the Court find that these allegations establish that Defendant violated 15 U.S.C. §§ 1692e(10) and 1692f because "[o]nce a default is entered against a defendant, that party is deemed to have admitted all of the well pleaded allegations in the Complaint[.]" *Ford Motor Co. v. Cross*, 441 F.Supp.2d 837, 846 (E.D. Mich. 2006), citing *Visioneering Construction v. U.S. Fidelity and Guaranty*, 661 F.2d 119, 124 (6th Cir. 1981). Since it appears that the definitional provisions of the statute are met, and Plaintiff's allegations are accepted as true based upon Defendant's default, the undersigned recommends that the Court find that Defendant violated 15 U.S.C. §1692e(10) and 1692f by using a false, deceptive or misleading representation or means, or an unfair or unconscionable means, to collect or attempt to collect a debt when an agent of Defendant represented to Plaintiff that Defendant would deduct only one payment from Plaintiff's checking account as authorized by Plaintiff in the consumer transaction of paying on an obligation of a third-party and then proceeded to deduct two additional payments from Plaintiff's account without his authorization.

Plaintiff also alleges that Defendant violated the OCSPA, Ohio Revised Code § 1345.02 and Ohio Revised Code § 1345.03. Section 1345.02(A) of the OCSPA provides in relevant part that "[n]o supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction." Ohio Rev. Code § 1345.02(A). Section 1345.03 provides in pertinent part that "[n]o supplier shall commit an unconscionable act or practice in connection with a consumer transaction." Ohio Rev. Code § 1345.03(A). Plaintiff avers that Defendant meets the definition of a "supplier" under the OCSPA because Defendant is engaged in the business of collecting consumer debts. ECF Dkt. #8-1 at 45. A "supplier" is defined under Ohio Revised Code § 1345.01(C) of the OCSPA as a "seller, lessor, assignor, franchisor, or other person engaged in the business of effecting or soliciting consumer transactions, whether or not the person deals directly with the consumer." Ohio Rev. Code § 1345.01(C). Courts in this District and Circuit have held that debt collectors are "suppliers" under the OCSPA. *See Midland Funding L.L.C.. V. Brent*, 644 F.Supp.2d 961, 976 (N.D. Ohio 2009)(citing cases). Moreover, Plaintiff meets the definition of a "consumer" under Ohio Revised Code § 1345.01(D) as he is a person who engaged in a consumer transaction with a

supplier. Ohio Rev. Code § 1345.01(D). And the collection of the debt constituted a "consumer transaction" under the OCSPA. *See Midland*, 644 F.Supp.2d at 977.

Accordingly, since the definitional provisions of the statute are met, and Plaintiff's allegations are accepted as true based upon Defendant's default, the undersigned recommends that the Court find that Defendant violated sections 1345.02(A) and 1345.03(A) of the OCSPA by committing an unfair or deceptive act or practice when an agent of Defendant represented to Plaintiff that Defendant would deduct one payment from Plaintiff's checking account as authorized by Plaintiff in the consumer transaction of paying on an obligation of a third-party and then proceeded to deduct two additional payments from Plaintiff's account without his authorization or consent.

Plaintiff also avers that Defendant committed common law fraud under Ohio law. A claim of common law fraud requires a plaintiff to prove the following elements:

(1) a representation or, where there is a duty to disclose, concealment of a fact;

(2) which is material to the transaction at hand;

(3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred;

(4) with the intent of misleading another into relying upon it;

(5) justifiable reliance upon the representation or concealment; and

(6) a resulting injury proximately caused by the reliance.

*Foster v. D.B.S. Collection Agency*, 463 F.Supp.2d 783, 810 (S.D. Ohio 2006), citing *Cohen v. Lamko, Inc.*, 10 Ohio St.3d 167, 462 N.E.2d 407, 409 (1984), quoting *Friedland v. Lipman*, 68 Ohio App.2d 255, 429 N.E.2d 456 (1980). Here, construing Plaintiff's complaint allegation as true, the undersigned recommends that the Court find that he has met the elements of a common law cause of action for fraud in that an agent of Defendant represented that Defendant would deduct one payment from Plaintiff's checking account to pay on an obligation of a third-party, which was material in that Plaintiff only authorized one deduction to help out the third-party, the agent's statement was obviously made with utter disregard and recklessness as to its truth or falsity to induce Plaintiff to rely upon it as Defendant deducted two additional payments from Plaintiff's account without his authorization or even an attempt to contact him and Plaintiff relied upon this initial

representation as he authorized only one deduction and he suffered injury in the form of loss of money since more than one deduction was made.

Finally, Plaintiff alleges that he is entitled to default judgment against Defendant on his claim of conversion under Ohio law. ECF Dkt. #8-1 at 46. In order to establish a claim of conversion, a plaintiff "must establish three elements: (1) plaintiff's ownership or right to possession of the property at the time of conversion; (2) defendant's conversion by a wrongful act or disposition of plaintiff's property rights; and (3) damages." *City of Findlay v. Hotels.Com., L.P.*, 441 F.Supp.2d 855, 865 (N.D. Ohio 2006), quoting *Young v. City of Sandusky*, No. 3:03CV7490, 2005 WL 1491219, at *5 (N.D. Ohio June 23, 2005). A plaintiff may claim the conversion of money "where the defendant is obligated to pay specifically identifiable funds to the plaintiff." *City of Findlay*, 441 F.Supp.2d at 865, citing *Davis v. Flexman*, 109 F.Supp.2d 776, 808 and n. 30 (S.D. Ohio 1999). Accepting Plaintiff's complaint allegations as true, the undersigned recommends that the Court find that he meets the elements of a conversion claim against Defendant in that Defendant took more of Plaintiff's money from his checking account than he had authorized and without his consent and Plaintiff suffered damages as a result because he no longer had his money.

### B. **DAMAGES**

Plaintiff seeks an award of actual damages in the amount of $971.00, statutory damages in the amount of $1,000.00 for the FDCPA violations, $200.00 in statutory damages under the OCSPA and attorney fees and costs. ECF Dkt. #1, ECF Dkt. #8. The undersigned recommends that the Court AWARD Plaintiff all of his damage requests.

15 U.S.C. § 1692k(a) provides that:

> Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of - -
>
> (1)　any actual damage sustained by such person as a result of such failure;
>
> (2)(A)　in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000;
>
> (3)　in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fee as determined by the court.

15 U.S.C. § 1692k(a). In determining an appropriate amount of statutory damages under the FDCPA, the court "shall consider, [ ... ] the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional[.]" 15 U.S.C. § 1692k(b)(1). Here, Plaintiff alleges two violations of the FDCPA in the Complaint and, taking these allegations as true, Defendant deducted two payments more than it represented to Plaintiff that it would and deducted two more payments than authorized by Plaintiff in violation of the FDCPA. Accordingly, Plaintiff suffered actual damages of $971.00 and the undersigned therefore recommends that the Court award Plaintiff the maximum amount of $1,000.00 in statutory damages since Defendant performed this act more than once.

Moreover, in accordance with the FDCPA, the undersigned recommends that the Court award Plaintiff the amount of $1,922.50 in attorney fees and court costs in the amount of $350.00. The fees and costs are reasonable, well-documented and well-supported by the affidavit of Plaintiff's counsel and the attorney time sheet entries attached to the amended motion for default judgment. ECF Dkt. #8-2, 8-3.

Finally, Plaintiff seeks statutory damages of $200.00 under the OCSPA. ECF Dkt. #8. Ohio Revised Code § 1345.09(B) provides that a consumer is entitled to recover "three times the amount of the consumer's actual economic damages or two hundred dollars, whichever is greater" for a violation of Ohio Revised Code § 1345.02 or 1345.03. Ohio Rev. Code § 1345.09(B). Plaintiff requests $200.00 in such damages and based upon the undersigned's recommendation that Plaintiff has proven violations of the OCSPA, the undersigned recommends that the Court AWARD Plaintiff $200.00 for Defendant's violation of the statute.

## IV. CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the Court find that Plaintiff has established that he is entitled to default judgment on all of his claims. ECF Dkt. #7 and #8. Accordingly, the undersigned RECOMMENDS that the Court grant default judgment in favor of Plaintiff and against Defendant on all of his claims and ORDER Defendant to pay Plaintiff damages as follows:

        FDCPA Statutory Damages        $1,000.00

| | |
|---|---|
| Actual Damages for All Counts | 971.00 |
| Attorneys' Fees | 1,922.50 |
| OCSPA Statutory Damages | 200.00 |
| Court Costs | 350.00 |

for a total of $4,443.50.

DATE: April 9, 2013  /s/ *George J. Limbert*
GEORGE J. LIMBERT
U.S. MAGISTRATE JUDGE

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R. 72.3. Failure to file objections within the specified time may constitute a WAIVER of the right to appeal the Magistrate Judge's recommendation. L.R. 72.3(b).